## J. A. KAYLOR v. THE STATE.

### No. 3068.   Decided January 25, 1905.

**Theft—Continuance—Contradiction.**

Where upon trial of theft of a watch, defendant flatly contradicted the facts he expected to prove by the absent witness, this rendered them highly improbable; besides prosecutor thoroughly identified defendant as the man who took the watch. Held *no error in refusing the application for continuance.*

Appeal from the County Court of Dallas.   Tried below before Hon. Ed. S. Lauderdale.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

*Muse & Allen* and *Albert Walker,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of theft of property under the value of $50, the punishment assessed being a fine of $10 and ten days confinement in the county jail. The evidence adduced shows that prosecutor, his brother and another person were sleeping in one room at the Union Depot Hotel in the city of Dallas; that appellant and two other parties were sleeping in another room on the same floor of said hotel. Prosecutor's watch was taken from a pocket of his trousers, while hang-

ing on a wash-stand in the room in which they slept. Prosecutor's brother was aroused from slumber by some one walking in the room, and also heard the rattle of a watch chain. He identified appellant as being the person in the room at the time he heard the rattling of the watch chain and got up and found the watch was gone. Subsequently on the same morning the watch was found in the room in which appellant slept, secreted under the carpet, next to the wall, behind the bed upon which he slept. The application for continuance was predicated upon the absence of one Barnett, by whom he expected to prove, in substance, that he (appellant) returned to the room where Barnett was lying awake, and in bed, and sat down on the side of the bed he had occupied during the night preceding, to dress himself; that witness Barnett was lying on a bed just a few feet from his bed, and was awake at the time, and saw everything that defendant did from the time he entered said room, after going to the closet, up to the time the hotel proprietor (Watts), prosecutor and his brother came to the room, and asked defendant about prosecutor's watch. That the hotel proprietor and the Norman boys (prosecutor) came to the room, about five minutes after defendant returned, and asked him if he knew anything about J. L. Norman's watch, to which defendant replied that he did not, and told them he would be glad to have them search him and the room he was occupying. Defendant expected to prove by said witness that during the interval of time between defendant's return to the room, and the appearance of the hotel proprietor and the Norman boys, witness Barnett saw defendant all the time and knows that defendant did not move the bed he had slept upon; that defendant did not rip open the carpet in the room, and hide the watch thereunder; that witness remained in the room until after defendant left the room and went down stairs where defendant was arrested. While testifying in his own behalf on the trial, appellant said: "I did not have any conversation with Barnett, the man in the room with me. I think he was asleep when I came in; the first thing I heard him say was, when the Norman boys and Watts came in my room and asked me about the watch—he (Barnett) turned over and said, 'I had better see if my watch is here.' He said his watch was all right. I slept in the bed next to the door." This testimony, as State's counsel insist, flatly contradicts the facts appellant expected to prove by the absent witness, and renders highly improbable the testimony sought to be had from Barnett. Furthermore, the brother of prosecutor thoroughly identifies appellant as the man who took the watch. The watch was found between appellant's bed and the wall and under the carpet, where it had been ripped open. The court did not err in overruling the application for continuance. The evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]